# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   CYNTHIA ANN GONZALES,                         No. 7-05-21343 MA

     Debtor.

_____

DAVE VEAZEY,

     Plaintiff,

v.                                                     Adversary No. 07-1089 M

CYNTHIA ANN GONZALES,

     Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER is before the Court on a trial of the merits of this adversary proceeding to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(3)(B)[1] and 11 U.S.C. § 523(a)(4).[2]  Defendant, Cynthia Ann Gonzales, now known as Cynthia Davis, does not

---

[1] That Code section provides:
> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> > (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit --
> > . . . .
> > > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.
>
> 11 U.S.C. § 523(a)(3)(B).

[2] That Code section provides:
> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

1

contest the fact that she failed to properly schedule the debt at issue to permit the Plaintiff to timely file a proof of claim or timely initiate a complaint to contest the dischargeability of the debt, having listed the Plaintiff's address as "unknown" in her statements and schedules. Thus, the sole issue before the Court is whether Plaintiff has offered sufficient evidence to support a claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(4).[3]

Plaintiff, Dave Veazey, filed a complaint to contest the dischargeability of a particular debt based on a default judgment he obtained against the Defendant in the amount of $3,226.40 premised upon alleged fraud, embezzlement, and/or larceny with respect to a vehicle, a fire arm, and unauthorized use of Plaintiff's checking account. Following the presentation of Plaintiff's case in chief, the Court granted Defendant's motion for directed verdict as to that portion of the complaint relating to the vehicle.[4] After consideration of the evidence and testimony offered at trial as to the remaining allegations, the Court finds that Plaintiff has sustained his burden of

---

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]
11 U.S.C. § 523(a)(4).

[3]*See, In re Jones,* 296 B.R. 447, 448 and 450 (Bankr.M.D.Tenn. 2003) (stating that 11 U.S.C. § 523(a)(3)(B) "does *not* create an automatic exception to discharge when a Chapter 7 debtor fails to schedule or list a creditor[ ]" and holding that, to prevail under this section, the plaintiff must nevertheless prove the merits of the cause of action under 11 U.S.C. § 523(a)(2), (4), or (6)); *In re Schicke,* 290 B.R. 792, 800 and n.17 (10th Cir. BAP 2003), *aff'd,* 97 Fed.Appx. 249 (10th Cir. 2004)(noting that "[w]hen a debtor does not afford a creditor due process, either by failing to timely schedule a creditor or by scheduling it incorrectly, the creditor's right to object to the dischargeability of a debt cannot be time-barred under Fed. R. Bankr.P. 4007(c)."); *Krakowiak v. Lyman (In re Lyman),* 166 B.R. 333, 336 (Bankr.S.D.Ill. 1994) (noting that proper scheduling of a creditor means the correct name and address)(quoting Ginsberg, *Bankruptcy: Text, Statutes, Rules,* § 11.06(f) at 918-19 (2nd ed. Supp. 1991)).

[4]Defendant is identified as a co-debtor on the debt relating to the vehicle. *See* Exhibit 2, p.9. Plaintiff offered insufficient evidence at trial to support his claim that Defendant committed larceny or embezzlement with regard to the vehicle that Plaintiff and Defendant purchased together and for which Defendant made at least some of the payments.

showing that the debt relating to the firearm and Defendant's unauthorized use of Plaintiff's checking account is non-dischargeable under 11 U.S.C. § 523(a)(4). In connection therewith, the Court enters the following findings of fact and conclusions of law:

1. Plaintiff and Defendant lived together for a period of time in 1997 and together had a daughter.

2. Plaintiff assisted Defendant in purchasing a vehicle in 1998 for Defendant's use. Defendant was a co-borrower on the debt. *See* Exhibit 2, p. 9. Defendant made at least some of the payments on the debt for the vehicle.

3. Plaintiff and Defendant subsequently ended their relationship.

4. During their relationship and after it ended, Plaintiff's employment would take him out of state for extended periods of time.

5. Plaintiff regularly provided Defendant with money to care for their daughter after they ended their relationship.

6. Plaintiff authorized Defendant to sell a firearm on his behalf and deliver the proceeds to him.

7. Plaintiff asked Defendant not sell the firearm for less than $600.00.

8. Plaintiff sold the firearm for $300.00 and did not remit the proceeds to Defendant.

9. Defendant was not a signatory on Plaintiff's checking account.

10. Defendant signed and cashed certain checks drawn on Plaintiff's checking account.

11. Although Defendant testified that she did not recall making a telephone call to a psychic hotline, Plaintiff received a notice dated May 1, 2001 from Shared Global Systems, Inc. authorizing payment in the amount of $69.40 from his checking account relating to a per-minute

3

charge. *See* Exhibit 2, p. 4 of 9. Defendant did not authorize this payment.

12. Plaintiff obtained a default judgment against Defendant in Sandoval County Metropolitan Court for the following damages: 1) $2,750.00 ½ of remaining debt on vehicle; 2) $300.00 gun; and 3) $69.40 check, $25.00 NSF. *See* Exhibit 2.

13. Other than the default judgment, no evidence was offered in support of the $25.00 NSF charge based on the $69.40 relating to the notice from Shared Global Systems, Inc.

14. Debts resulting from larceny or embezzlement are non-dischargeable under 11 U.S.C. § 523(a)(4). 11 U.S.C. § 523(a)(4). *See also, In re Tucker,* 346 B.R. 844, 852 (Bankr.E.D.Okla. 2006)(stating that debts may still fall within § 523(a)(4) in the absence of a fiduciary relationship when they result from embezzlement or larceny).

15. Plaintiff bears the burden of proving by a preponderance of the evidence all elements necessary to the determination of non-dischargeability under 11 U.S.C. § 523(a)(4). *Tucker,* 346 B.R. at 849 (citing *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

16. "Larceny is defined as the "fraudulent and wrongful taking and carrying away of the property of another with intent to convert it to the taker's use and with intent to permanently deprive the owner of such property.'" *In re Tilley,* 286 B.R. 782, 789 (Bankr.D.Colo. 2002)(quoting *Pool v. Johnson,* 2002 WL 598447, *2 (N.D.Tex.2002)(quoting *Smith v. Hayden (In re Hayden),* 248 B.R. 519, 526 (Bankr.N.D.Tex. 2000))). *See also In re Tinkler,* 311 B.R. 869, 876 (Bankr.D.Colo. 2004) ("'Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner.'")(quoting *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 902 (7th Cir.1991)).

4

17. Embezzlement within the meaning of 11 U.S.C. § 523(a)(4) is "'the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.'" *Tilley,* 286 B.R. at 789 (quoting *Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 765 (10th Cir. 1988)(quoting *Great Am. Ins. Co. v. Graziano (In re Graziano),* 35 B.R. 589,594 (Bankr.E.D.N.Y. 1983))). Broken down into discrete elements, embezzlement requires a showing of

>   1. entrustment (property lawfully obtained originally);
>   2. Of property;
>   3. Of another;
>   4. That is misappropriated (used or consumed for a purpose other than that for which it was entrusted);
>   5. With fraudulent intent.

> *Id.*

18. Embezzlement differs from larceny in that embezzled property is first obtained lawfully whereas property that is the subject to a claim for larceny is unlawfully obtained. *Tucker,* 346 B.R. at 852 (citation omitted).

19. Plaintiff failed to meet his burden with regard to the vehicle. The evidence indicated that Defendant was a co-debtor on the debt and made some payments. There was insufficient evidence that the debt resulting from her failure to make the payments on the note was the result of any fraudulent intent to misappropriate property entrusted to Defendant.

20. Defendant's sale of Plaintiff's firearm without remitting the proceeds to Plaintiff constitutes embezzlement within the meaning of 11 U.S.C. § 523(a)(4). Although Defendant testified that she had Plaintiff's permission to sell the firearm *and* to use its proceeds to pay for her daughter's needs, Defendant testified that he did not authorize her to use the proceeds from the sale and that he expected her not to sell the firearm unless she could realize $600.00.

5

Coupled with Defendant's testimony that Plaintiff regularly provided her with money to care for their daughter whenever she needed it, the Court finds that Defendant's testimony regarding the terms for the sale of the firearm is not credible. Thus there is sufficient evidence to establish that Defendant wrongfully misappropriated the firearm and converted it to her own use. But because Plaintiff sought and obtained a default judgment relating to the firearm in the amount of $300.00, it is appropriate to limit the debt relating to the firearm to $300.00.[5]

20. Similarly, the Court finds that the $69.40 debit from Plaintiff's checking account constitutes larceny within the meaning of 11 U.S.C.§ 523(a)(4). Defendant wrongfully took funds from Plaintiff's checking account to which she was not a signatory and converted them to her own use. Even if the Court accepts as true Defendant's testimony that Plaintiff periodically allowed her to sign his name to checks and use the money to provide for their daughter, Defendant was not authorized to use funds from Plaintiff's checking account for her own needs. However, because there was no evidence other than the amount awarded in the default judgment to support the fee for insufficient funds relating to this transaction, it is appropriate to limit the amount of the non-dischargeable debt attributable to the check to $69.40.[6]

---

[5]Under the doctrine of judicial estoppel, a party may not take a legal position contrary to a position upon which the party previously prevailed. *See In re Riazuddin,* 363 B.R. 177, 185 (10th Cir. BAP 2007) (noting that the Tenth Circuit adopted the doctrine of judicial estoppel, as follows, "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'")(quoting *Johnson v. Lindon City Corp.,* 405 F.3d 1065, 1069 (10th Cir. 2005)(quoting *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895) (alteration in original))).

[6]*See In re Hubbard,* 167 B.R. 969, 972 (Bankr.D.N.M. 1994)(stating that "[a] default judgment merely disposes of the cause of action before the court and is not a reliable adjudication of any issue except for that case, and should not have a collateral estoppel effect in

These findings of fact and conclusions of law are entered in accordance with Rule 7052, Fed.R.Bankr.P. An appropriate judgment will be entered.

*[signature: Mark B. McFeeley]*

MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: February 11, 2008

COPY TO:

Brandon Hertzler
Attorney for Plaintiff
PO Box 3006
Albuquerque, NM 87190-3006

Holt Guysi
Attorney for Defendant
1721 Carlisle Blvd NE
Albuquerque, NM 87110-5621

---

a bankruptcy dischargeability proceeding.")(citations omitted).